# UNITED STATES DISTRICT COURT
# NORTHISN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SLG SYSTEMS INCORPORATED, a )<br>Wisconsin Corporation; )<br>)<br>Defendant. ) | Civil Action Number:<br><br>FLSA Action<br><br>Jury Trial Demanded |

## COMPLAINT

COMES NOW Plaintiff Anthony Williams (hereinafter "Plaintiff") by and through his undersigned counsel, and files this complaint against Defendant SLG SYSTEMS INCORPORATED ("Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of his lawful overtime wages, and under FLSA § 215(a)(3) which prohibits retaliation.

2. Plaintiff was employed by Defendant as a furniture packer at Defendant's location at 1851 West Oak Parkway, Suite 100, Marietta, Cobb County, Georgia  30062  (hereinafter "Defendant's Cobb Location").

3. Plaintiff was employed by Defendant from on or about October 5, 2011 through December 14, 2011 when his employment was unlawfully terminated.

4. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also seeks reinstatement, compensation for front pay and for the wages lost as a result of retaliatory conduct, an equal amount as liquidated damages,  attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

2

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant ais subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff resides in Conley, DeKalb County, Georgia (within this District) and is a citizen of the United States.

10. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

11. Defendant SLG SYSTEMS INCORPORATED is a corporation formed under the laws of the State of Wisconsin provides loading and unloading services at its Cobb Location. Georgia.

12. Defendant conduct business within this State and District.

13. Defendant maintained either actual or constructive control, oversight and direction of Defendant' Helen Location, including the employment and pay and other practices of that operation.

14. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Agent C T CORPORATION SYSTEM, 1201 PEACHTREE STREET, NE, ATLANTA GA 30361.

15. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

18. Defendant hired Plaintiff to provide furniture packing related services at Defendant's Cobb Location.

19. Defendant established Plaintiffs hours of work and compensation.

20. Plaintiff was required to work a set schedule which schedule was set by Defendant and required Plaintiff at times to work in excess of forty (40) hours a week.

21. Plaintiff regularly worked in excess of 40 hours per week for Defendant at all times relevant to this action.

22. At times relevant to this action, Defendant regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

23. At times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

24. At all times relevant to this action, Plaintiff was paid an hourly rate.

25. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

26. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half his regular rate of pay wage which they were by law required.

27. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

28. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-

half times the wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

29. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

30. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

31. On a number of occasions, Plaintiff complained to his immediate supervisor, "Henry," that he was not being paid overtime.

32. "Henry" would typically respond to these complaints that "we [Defendant] do not pay overtime.

33. On December 14, 2011, Plaintiff was discussing the pay practices of Defendant, including the issue of the Defendant deducting two dollars ($2.00) out of each hour worked by Defendant.

34. Shortly thereafter Plaintiff was approached by "Henry's" supervisor, "Walter," who said to him "You got a problem with the way you are getting paid?"

35. Plaintiff responded that when he was hired he was told that he would earn eleven dollars ($11.00) per order and he is not getting that; that Defendant is

deducting two dollars ($2.00) for every $ eleven dollars ($11.00) it is paying him; and Defendant says it doesn't pay overtime.

36. To which "Walter" responded "[r]ight, we don't pay overtme."

37. "Walter" then said to Palintiff "[y]ou're not happy with the way you get paid and so I am going to terminate you."

38. Defendant thereupon immediately terminated Plaintiff's employment.

39. Plaintiffs' alleging violations of the FLSA by Defendant was an exercise of his right to file a legal complaint by orally expressing his complaint as protected by 29 U.S.C. § 215(a)(3).

40. Defendant terminated Plaintiff's employment within a few hours of his oral complaint to his supervisor "Henry", which was preceded in the weeks before by similar complaints to "Henry," and immediately upon voicing his oral complaint to "Henry's" supervisor "Walter."

41. Defendant terminated Plaintiff's employment when he orally complained of its failure to properly compensate him the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

42. Plaintiff is also entitled to reinstatement, compensation for front pay and for the wages lost as a result of retaliatory conduct, an equal amount as

liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

43. Plaintiff has retained the undersigned counsel to represent his in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44. Plaintiff demands a jury trial.

## COUNT I

45. Plaintiff repeats and incorporates by reference paragraphs 1-44 herein.

46. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

47. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount of minimum wage and one-half.

48. As a result of Defendant's violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate of minimum wage and one-half in accordance with §§ 203 and 207 of the FLSA.

49. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

50. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation equal to minimum wage and one-half in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and othis relief.

## COUNT II (FLSA RETALIATION)

51. Plaintiff repeats and incorporates by reference paragraphs 1-44 herein.

52. Plaintiff engaged in protected activity when he orally filed complaints with Defendant's supervisors for violations of the FLSA by Defendant.

53. Plaintiff engaged in protected activity when in his oral complaints he complained Defendant failed to compensate his at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

54. Defendant immediately terminated Plaintiff's employment after the last time he had engaged in protected activity.

55. Defendant terminated Plaintiff's employment in retaliation for his having complained against Defendant's violations of the FLSA.

## PRAYER FOR RELIEF

WHISEFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded pre- and post-judgment interest;

C. That Plaintiff be reinstated;

D. That Plaintiff be compensated for front pay;

E. That Plaintiff be compensated for the wages lost as a result of retaliatory conduct, and an equal amount as liquidated damages;

F. That Plaintiff be awarded reasonable attorneys' fees;

G. That Plaintiff be awarded the costs and expenses of this action; and

H. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 29th day of April, 2012.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartin@martinandmartinlaw.com

        Georgia Bar No. 482595
        Kimberly N. Martin
        kmartin@martinandmartinlaw.com
        Georgia Bar No. 473410

        MARTIN & MARTIN, LLP
        Post Office Box 1070
        Tucker, Georgia 30085-1070

        (770) 344-7267 / (770) 837–2678 Fax